LUMMEL, Respondent, v. NATIONAL FIRE INSURANCE COMPANY, Appellant.

(210 N. W. 739.)

(File No. 5649.   Opinion filed November 20, 1926.)

1. **Insurance—Estoppel—Principal and Agent—Issuance of Policy and Acceptance of Premium by Agent, Who Knew of Chattel Mortgage, Held to Estop Insurer from Asserting Invalidity of Policy Under Stipulation that Property Was Unincumbered.**

   Where insurer's agent, who had authority to countersign and issue policies and collect premiums, knowing of existence of chattel mortgage on truck, issued policy and accepted premium, insurer is estopped from asserting invalidity of policy under stipulation that it should be void if property was incumbered.

2. **Insurance—Insurer Cannot Deny Liability on Ground of Insufficient Proof of Loss, Where Insured Signed Paper Furnished by Insurer's Agent, and Adjuster Was Sent to Inspect Debris, and Liability Was Denied on Other Grounds (Rev. Code 1919, § 1446).**

   Insurer cannot deny liability on ground of insufficient proof of loss, where insured signed paper furnished by insurer's agent, and adjuster was sent to inspect debris, and liability was denied on other grounds, in view of Rev. Code 1919, § 1446, providing that defects which insured might remedy and which insurer omits to specify to him without unnecessary delay are waived.

3. **Insurance—Trial—Damages—In Action on Fire Policy Covering Truck Which Burned After Going over Embankment, Refusal of Instruction that Measure of Damages Was Difference Between Value Just Before and After Fire Held Error, Which Was Not Cured by More General Instruction on Measure of Damages.**

   In action on fire policy covering truck which burned after going over embankment, refusal of instruction that measure of damages was difference between actual value just before fire and value afterward held error, which was not cured by instruction that one suffering detriment from unlawful act of another may recover, and that measure of damages is amount that will compensate for all detriment proximately caused thereby.

4. **Insurance.**

   In action on fire policy covering truck which burned after going over embankment, jury should determine, if possible, what injuries, if any, truck suffered from upset and before fire.

**5.   Pleading.**

Insurer's admission in answer that insured truck was worth $500 when fire started **held** to justify refusal to direct verdict in its favor.

**6.   Insurance.**

Where only one concurring cause of loss is insured against, and damage by perils respectively can be discriminated, each party must bear his proportion.

**7.   Insurance.**

Where only one concurring cause of loss is insured against, and damage by each cause cannot be distinguished, party responsible for dominating efficient cause is liable for loss.

**8.   Insurance.**

When an efficient cause nearest loss is peril expressly insured against, insurer is not relieved from responsibility by showing that property was brought within such peril by cause not mentioned in contract.

**9.   Appeal and Error.**

Where error in instructions affects only amount of damages, and proper instruction could not reduce recovery below certain figure, judgment will be affirmed, if amount in excess of such amount is remitted.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Insurance, Key-No. 389(3), 26 C. J. Sec. 391; **(2)** Insurance, Key-No. 560(3), 26 C. J. Sec. 522; **(3)** Insurance, Key-No. 669(12), 26 C. J. Sec. 777, Trial, Key-No. 296(1), 38 Cyc. 1782; **(4)** Insurance, Key-No. 668(13), 26 C. J. Sec. 770; **(5)** Pleading, Key-No. 127(2), 31 Cyc. 214; **(6)**, **(7)** and **(8)** Insurance, Key-No. 427, 26 C. J. Sec. 436 (Anno.); **(9)** Appeal and error, Key-No. 1140(4), 4 C. J. Sec. 3150.

As to validity of provision against incumbrance in fire insurance policy, see note in 14 A. L. R. 201; 14 R. C. L. 1129; 4 R. C. L. Supp. 941; 6 R. C. L. Supp. 858.

Retention of proof of loss without objection as waiver of defects therein, see 14 R. C. L. 1351; 3 R. C. L. Supp. 388.

Appeal from Circuit Court, Pennington County; HON. WALTER G. MISER, Judge.

Action by Peter Lummel against the National Fire Insurance Company of Hartford, Conn. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Remanded, with instructions to enter judgment for reduced amount, if plaintiff elects to remit part of the judgment; otherwise, reversed.

*Waggoner & Stordahl,* of Sioux Falls, for Appellant.
*Buell, Denu & Philip,* of Rapid City, for Respondent.

M. MORIARTY, C. This action was brought by the respondent to recover the sum of $1,000 on a policy of fire insurance covering a motor truck. The complaint is in the form usually employed in such actions. A copy of the policy sued upon is attached to the complaint. The execution of this policy by one McCain, who had authority to countersign and issue policies and collect premiums for appellant, is admitted in appellant's answer. In this answer appellant presented three separate defenses: First, that the policy was null and void because respondent falsely represented that the truck was fully paid for and free from any mortgage lien, when said truck, in fact, was mortgaged for $750 of the purchase price to be paid for it by respondent; second, that respondent had made no proper proof of loss; third, that prior to the fire the truck had plunged off a steep embankment and by reason thereof was damaged in the sum of $500 before the fire started, and that at the time said fire actually started the value of the property insured was $500 and no more. The case was tried to a jury which returned a verdict for the plaintiff in the sum of $800 and the salvage. From the judgment entered upon this verdict, and from an order denying a new trial, this appeal is taken.

In their assignments of error and in the arguments contained in their brief appellant's counsel present and argue, the questions raised by the three defenses above enumerated, and for the sake of brevity we will discuss each of these questions in connection with the facts relevant thereto as shown by the record.

[1] The policy sued upon contains the following provision under the head of "exclusions":

"It is a condition of this policy that this company shall not be liable, if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become incumbered by any lien or mortgage, except as stated in warranty No. 3, or otherwise indorsed thereon."

And in warranty No. 3 are the printed words:

"The automobile described is fully paid for by the insured and is not mortgaged or otherwise incumbered, except as follows."

And after these printed words the agent who issued the policy wrote the words, "No exceptions."

It is admitted that the truck was incumbered by a purchase-money mortgage in the sum of $750 at the time the policy was issued, and prior thereto, and that this mortgage was still an existing lien at the time the fire occurred. As bearing upon the defense based upon these facts, the court submitted to the jury three special interrogatories, as follows:

"Interrogatory No. 1: Did McCain know of the mortgage on the car when he wrote the policy?"

"Interrogatory No. 2: Did McCain know of the mortgage on the car before he accepted the premium money?"

"Interrogatory No. 3: Was such notice given to McCain after the premium was paid and before the fire as to make it the duty of the insurance company under the evidence in this case and the instructions given by the court to pay the damages?

To each of these interrogatories the jury answered, "Yes." And there is ample evidence to support the finding that McCain was fully informed as to the existence of the mortgage, by respondent himself at the time the insurance was applied for.

Appellant's counsel devote considerable space to the discussion of alleged error of the court in the admission of evidence tending to prove that McCain was informed of the mortgage by the holder thereof after the policy was written, but while it was still in the agent's hands and before the premium was paid. These matters are of little or no importance in view of the fact that the jury found that the agent knew of the mortgage before the policy was written. By this finding the question becomes one of law: Is a policy avoided by the existence of a mortgage when the agent who issues the policy is informed of the existence of the mortgage before he writes the policy, issues it, and collects the premium?

In their contention for the affirmative of this proposition, appellant's counsel appear to rely upon the decision of this court in Hronish v. Home Ins. Co., 33 S. D. 428, 146 N. W. 588, and upon the federal case of Northern Assurance Co. v. Grandview Building Co., 183 U. S. 308, 22 S. Ct. 183, 46 L. ed. 213, which latter case is cited with approval by Judge Polley in his opinion in the

Hronish Case. But in the Hronish Case this court was dealing with facts which differ from those of the instant case. In that case the breach which was held to avoid the policy was a breach committed after the policy was issued and had gone into effect. That the decision was not to be considered as controlling in cases such as the one now before the court is shown by this language of the decision:

"What is said in this opinion relates only to policies which were valid when issued and became void, if at all, only because of the happening of some subsequent act or event, rendering them void after they had been issued."

These words evidence the recognition of a very important distinction between the Hronish Case and cases like the instant case, where the agent of the insurer issues the policy and accepts the premium knowing that the property is mortgaged. In this latter class of cases there is a very evident element of estoppel, and the question is whether the insurer, knowing, through the knowledge of its agent, that the property is mortgaged, and entering into the contract and accepting the consideration with that knowledge, in case of loss, can be allowed to rely upon the existence of the mortgage to avoid the insurance. This court has definitely adopted the rule that, where the general agent of the insurer knows at the time of the application that the property is subject to a chattel mortgage, the insurer is estopped from asserting the invalidity of the policy under a stipulation that the policy should be void if the property should be incumbered. Fosmark v. Fire Association, 23 S. D. 102, 120 N. W. 777; Lawver v. Insurance Co., 25 S. D. 549, 127 N. W. 615; Vessey v. Com. Union Assur. Co., 18 S. D. 632, 101 N. W. 1074.

These cases cite abundant authority for the rule adopted, and establish the law of this state to be that, when an agent vested with authority to solicit insurance, accept applications, issue policies, and collect premiums, issues a policy, and accepts payment of premium therefor knowing of a fact which is stipulated to render the policy void, the company is bound by the knowledge of such agent and is estopped from relying upon such fact to defeat the insurance. These decisions control the instant case. In the Fosmark Case Judge Corson discusses quite fully the opinion of the

·United States Supreme Court in Northern Assurance Co. v. Grandview Building Co., supra, and this court refused to follow that opinion.

[2]    As to the contention that respondent furnished no sufficient proof of loss, the record shows that he signed some paper or papers furnished by McCain; that McCain said he would forward the papers to the company; and that the appellant's adjuster came to respondent, and inspected the debric left by the fire. Thereafter appellant denied liability on the ground that the policy was null and void.  Under such circumstances the particular form of proof given becomes immaterial.

· "All defects in a notice of loss, or in preliminary proof thereof, which the insured might remedy and which the insurer omits to specify to him, without unnecessary delay, as grounds of objection, are waived."  R. C. § 1446; Reeves v. Fire Ins. Co.. 41 S. D. 341, 170 N. W. 575, 4 A. L. R. 1293.

[3]    As to the defense that the truck was damaged by the fall before the fire ensued, the appellant's counsel contend that there is no proof of any proper measure of damages, for the reason that any damage which was caused by the fall was not covered by the policy and that there was no proof as to the value of the property after the upset and before the fire.  They also contend that the trial court erred in refusing to give the following instruction requested by appellant:

"You are instructed that the measure of damage in this case is the difference between the actual value of the car immediately prior to the commencement of the fire and its value after the fire; in other words, you are to determine the actual value of the car in the condition it was in at the time the fire started, and deduct from this amount the value of the salvage or the value of the car immediately after the fire, and, in the event that you find the defendant liable, this will be the measure of damages, provided of course, that the amount must not in any event exceed the amount of the policy."

This proposed instruction states the ordinary and correct rule for determining the measure of damages in cases of this kind.  Of course, if this instruction were given, the court should also have instructed the jury as to the manner of determining the

damages in case the evidence did not enable them to determine what the value of the truck was after it rolled down the embankment and before the fire started. But that was a matter to be taken care of by instructions proposed by respondent or given upon the court's own motion. The instruction requested by appellant was correct as far as it went, and its refusal by the trial court was reversible error, unless the instructions actually given cover the question of measure of damages sufficiently to render the refusal non-prejudicial.

An examination of the court's instruction shows that the only instruction touching the measure of damages is as follows:

"You are instructed that every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money which is called damages. And the word 'detriment' as just used means loss or harm suffered in person or property, and the measure of damages is the amount that will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

Appellant's counsel contend that this instruction is too general and indefinite to advise the jury as to the elements of damage to be considered in the instant case. And in this contention counsel are correct. The instruction would be sufficient in certain tort actions, but it has no application to an action of this class and is insufficient to correct the error in refusing the instruction proposed by appellant.

[4] Appellant, in its answer, in this proposed instruction, and in its exceptions to the sufficiency of the instruction given by the court, presented its contention that it was not liable for any damage caused to the truck by its fall over the embankment. It is true that the record merely shows that the car did skid off the road and roll down the embankment, without showing the distance of the fall, the nature of the embankment, or any examination of the remains after the fire to attempt to distinguish between injuries from the fall and those from the fire. But the jury should determine, if possible, what injuries, if any, the truck suffered from the upset and before the fire.

[5-8] Neither the trial court nor the counsel who tried the

case made any effort to assist the jury in deciding the very difficult question as to the proper damages to be allowed in this case. The fact that the appellant admitted in its answer that the truck was worth $500 when the fire started justified the trial court in denying appellant's motion for the direction of a verdict in its favor. As this decision may result in another trial of the case, it is proper to state the theory upon which it should be tried.

In its opinion in Howard Fire Ins. Co. v. Norwich & New York Transportation Co., 12 Wall. 194, 20 L. ed. 378, the Supreme Court of the United States quotes with approval the rules laid down in Phillips on Insurance, §§ 1136 and 1137, as follows:

"Sec. 1136. In case of the concurrence of two causes of loss, one at the risk of the insured and the other insured against, if the damage by the perils respectively can be discriminated, each party must bear his proportion.

"Sec. 1137. When the damage by each cause of loss cannot be distinguished, the party responsible for the dominating efficient cause * * * is liable to bear the loss."

And this case further holds that, when an efficient cause nearest the loss is the peril expressly insured against, the insurer is not to be relieved from responsibility by his showing that the property was brought within that peril by a cause not mentioned in the contract.

[9] The trial court's instruction on the measure of damages was erroneous, and proper grounds of exception thereto were presented to the court upon the settlement of said instruction. But this error affects only the question of the amount of damages which respondent in entitled to recover. The jury found, under proper instructions, that he was entitled to recover such damages as were actually due to the fire. The appellant's answer admits that the truck had a value of $500 after the upset and before the fire. Appellant's witness the adjuster Wilson testified that $100 was a fair allowance for the salvage after the fire. Therefore proper instructions on the measure of damages could not reduce the recovery below $400 and interest and the right to salvage, which the record shows that respondent appropriated.

If within 30 days after the handing down of this decision the respondent files with the clerk of this court his written election

to remit the amount of his judgment in excess of $400 and interest thereon from December 1, 1922, at the rate of 7 per cent. per annum, together with the right to the salvage and costs in the trial court, the case will be remanded, with instructions that the trial court reduce the judgment to that amount, and the judgment so reduced will stand as affirmed by this court, and no costs will be taxed on this appeal; otherwise, the judgment and order appealed from will be reversed, with costs to appellant.

CAMPBELL, J., concurs in the result.