# LEE, Appellant, v. FARMER'S INSURANCE CO., Respondent

(32 N. W.2d 188.)

(File No. 8964. Opinion filed April 27, 1948.)

**Blaine Simons,** of Sioux Falls, S. D., for Appellant.

**Stordahl, May & Boe,** of Sioux Falls, S. D., for Respondent.

SICKEL, J.   This is an action on a fire insurance policy. On August 9, 1944, The Farmers' Insurance Company of Minnehaha County, a Corporation, insured Harold C. Lee against loss to his property by fire. During the term of the policy fire destroyed a part of a stack of alfalfa hay belonging to the insured and covered by the policy.   The parties could not agree on the value of the property so destroyed and, therefore, appointed two appraisers to determine the damage. The appraisers failed to agree, and submitted their differences to an umpire.   One of the appraisers and the umpire met and fixed the damages to the burned hay at $30.   The insured rejected the award and then brought this action to recover damages in the sum of $500.   The insurance company answered alleging that the appraisment had been made in accordance with the terms of the policy of insurance and the statute, and again offered payment of $30 in satisfaction of the claim.   This offer was again refused.   The action was tried in the circuit court and it was there decided that the appraisment had been made in accordance with the arbitration clause of the policy of insurance and· that the award was binding upon the parties.   Judgment was entered in favor of plaintiff for the amount of the award and plaintiff appealed.

Appellant contends that the award fails to determine the "sound value" of the hay before the fire, and that, therefore, the appraisment is invalid.   The arbitration clause of the policy of insurance reads as follows: "In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and dis-

interested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss; stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expense of the appraisal and umpire."

This provision of the policy is the one prescribed by the standard form of fire insurance policy adopted by SDC 31.2402. It is one which county mutual fire insurance companies were required by law to use. SDC 31.2712. This arbitration clause was amended by Ch. 133, S. L. 1945, but the amendment was not in effect when this policy was issued and it is, therefore, inapplicable in this case.

█ Another statute relating to arbitration is found in SDC 31.2714 and applies to county mutual insurance companies only. There is a difference in phraseology between this statute' and the arbitration clause of the standard fire insurance policy. However, the by-laws of the company provide that in case of inability of the parties to agree on the amount of loss or damage by fire, the provision of the standard form fire insurance policy shall apply. By-laws, § 20. These by-laws are attached to and form a part of the insurance policy involved in this action. Whatever doubt may otherwise have existed as to which rule shall govern in case of arbitration under this policy, that doubt was removed by the terms of the contract of insurance. The arbitration proceedings in this case must comply with the provisions of the policy.

█ The award was made by one of the appraisers and the umpire, and reads as follows: "We the undersigned decided that there was not over 275 cubic feet that actually burned by flame and that the extent of damages not to exceed $30 in cash value. And we fix the damages at $30."

The phrase of the arbitration clause in dispute is the one which requires that the appraisers shall make an award

"stating separately sound value and damage" of the property. "Sound value" as here used means the value of the insured property, "at and immediately preceding the time of the fire." Mason v. Fire Ass'n of Philadelphia, 23 S. D. 431, 122 N. W. 423, 428. "Damage" means the depreciation caused by the fire. Such damage is to be ascertained by determining first, the sound value of the hay immediately preceding the fire, and second, the value of the hay after the fire. The difference between these two sums is the amount of damage which the insurer is obliged to pay. Mason v. Fire Ass'n of Philadelphia, supra; Continental Ins. Co. v. Garrett, 6 Cir., 125 F. 589, 60 C. C. A. 395.

This is the general rule as to the measure of damages for an injury to personal property where no question of restoration is involved . Lummel v. National Fire Ins. Co., 50 S. D. 502, 210 N. W. 739; 25 C. J. S., Damages, § 83b.

The award in this case fails to appraise the sound value of the insured hay before the fire as required by the arbitration clause of the policy and the award of the appraisers is, therefore, invalid.

Judgment reversed.

All the Judges concur.