

# In the Missouri Court of Appeals
## Western District

AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
                    Appellant, )
v. )
                              )      WD77813
STEPHEN PARNELL, DEANNA )
PARNELL, C.P., A MINOR, )
M.S., A MINOR and )     FILED: October 27, 2015
K.L. NATURAL MOTHER and NEXT )
FRIEND OF M.S., )
              Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
### THE HONORABLE MARY (JODIE) C. ASEL, JUDGE

### BEFORE DIVISION TWO: MARK D. PFEIFFER, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND JAMES E. WELSH, JUDGES

American Family Mutual Insurance Company ("American Family") appeals the circuit court's grant of summary judgment in favor of M.S., by and through her next friend and mother, K.L. The court determined that two American Family homeowner's insurance policies issued to Stephen and Deanna Parnell ("the Parnells") provided coverage for M.S.'s claims of negligent supervision against the Parnells. On appeal, American Family contends two exclusions applied to bar

coverage and the concurrent proximate cause rule was not applicable. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

The facts underlying this appeal are undisputed. The Parnells operated a daycare business in their home. M.S. attended the daycare during the summers of 2009 and 2010. Starting in 2009, M.S., who was seven years old, was allegedly subjected to intentional, unwanted sexual contact by the Parnells' eleven-year-old son on multiple occasions. This contact continued in the summer of 2010. M.S., by and through her next friend and mother, K.L., filed suit against the Parnells for negligent supervision. In her petition, M.S. asserted that the Parnells, as daycare providers, had a duty to use ordinary care to protect her against unreasonable risks of harm. M.S. alleged that the Parnells breached this duty by not supervising her at the daycare and their breach was the proximate cause of her injuries, which included economic and non-economic damages, lost enjoyment of life, emotional distress, depression, anxiety, and post-traumatic stress disorder.

The Parnells requested that their homeowner's insurance carrier, American Family, provide a defense to M.S.'s lawsuit against them and indemnify them for any judgment rendered. American Family then filed a petition for declaratory judgment. American Family asked the court to declare that the two policies it issued to the Parnells -- one effective in 2009 and the other effective in 2010 -- did not provide coverage and did not obligate American Family to defend and indemnify the Parnells.

2

The policies stated, in pertinent part, that American Family would pay, up to its limit, compensatory damages for which any insured was legally liable because of bodily injury caused by an occurrence covered by the policy. American Family also agreed that it would defend any insured in such circumstances. The Parnells and their son were "insureds" under the policies. The policies defined an "occurrence" as "an accident, including exposure to conditions, which results during the policy period in bodily injury or property damage."

American Family asserted in its declaratory judgment petition that the policies' exclusions for intentional injury and abuse excluded coverage. These exclusions stated:

> 1. **Abuse. We** will not cover **bodily injury** or **property damage** arising out of or resulting from any actual or alleged:
>
>    a. sexual molestation or contact;
>    b. corporal punishment; or
>    c. physical or mental abuse of a person.
>
> . . . .
>
> 10. **Intentional Injury. We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**.

American Family alleged that these exclusions applied because the Parnells' son intentionally caused M.S.'s bodily injuries by subjecting her to unwanted sexual contact that amounted to abuse.

American Family and M.S. filed competing motions for summary judgment. The court granted M.S.'s motion and denied American Family's motion. In its judgment, the court found that M.S. met all conditions precedent to coverage and that American Family failed to carry its burden to demonstrate that either the intentional injury exclusion or the abuse exclusion applied to exclude coverage. The court further found that the Parnells' negligent acts were a concurrent proximate cause of M.S.'s injuries such that, even if the exclusions applied, the Parnells' negligent supervision of M.S. was a separate and distinct cause of her injuries for which coverage was provided. Therefore, the court ruled that American Family was obligated to defend and indemnify the Parnells in M.S.'s lawsuit against them. American Family appeals.

## STANDARD OF REVIEW

Appellate review of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 380. We may affirm the circuit court's grant of summary judgment under any theory that is supported by the record. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 120 (Mo. banc 2010).

The interpretation of an insurance policy is also a question of law entitled to *de novo* review. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). We interpret the policy according to the plain and ordinary meaning of its

4

language. *Mo. Emp'rs Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo. App. 2004).

## ANALYSIS

In its sole point on appeal, American Family contends that the intentional injury and abuse exclusions exclude coverage and that the concurrent proximate cause rule does not apply. Because it is dispositive, we will address only whether the concurrent proximate cause rule applies to afford coverage under the policies despite the intentional injury and abuse exclusions.

The concurrent proximate cause rule states that "'an insurance policy will be construed to provide coverage where an injury was proximately caused by two events--even if one of these events was subject to an exclusion clause--if the differing allegations of causation are independent and distinct.'" *Taylor v. Bar Plan Mut. Ins. Co.*, 457 S.W.3d 340, 347 (Mo. banc 2015) (quoting *Intermed Ins. Co. v. Hill*, 367 S.W.3d 84, 88 (Mo. App. 2012)). "For the rule to apply, the injury must have resulted from a covered cause that is truly 'independent and distinct' from the excluded cause." *Id*. at 348. To determine whether causes are independent and distinct, we consider "whether the covered cause and excluded cause depend[ ] upon each other to establish the necessary elements of each claim." *Gateway Hotel Holdings, Inc. v. Lexington Ins. Co.*, 275 S.W.3d 268, 282 (Mo. App. 2008). If the excluded cause is merely incidental to the covered cause, that is, if the covered cause could occur without the excluded cause, then the two

causes are independent and distinct and the concurrent proximate cause rule applies. *Columbia Mut. Ins. Co. v. Neal*, 992 S.W.2d 204, 209 (Mo. App. 1999).

For example, in *Intermed*, 367 S.W.3d at 86, a physician's assistant ("PA") sexually assaulted a patient while conducting an unnecessary medical procedure. The patient obtained a judgment for damages against the PA for the intentional tort of sexual assault and battery and against the PA's employer for negligent supervision, as the PA had a known propensity to engage in unnecessary physical examinations. *Id*. at 89. The employer's insurance company asserted the damages were not covered by its policy because the policy excluded coverage for "'liability arising from sexual relations, activity, acts or conduct.'" *Id*. at 86.

On appeal, the court held that, while the PA's intentional sexual assault was an excluded cause under the policy, the employer's negligent supervision of the PA was a non-excluded concurrent cause of the patient's injury. *Id*. at 89-90. The court found that the employer's failure to discharge or supervise the PA was an independent and distinct cause because it was "not inherently related to the prevention of sexual assault." *Id*. at 90. The employer's failure to supervise the PA to prevent him from providing improper medical care could have resulted in multiple kinds of injuries; it was only incidental that it resulted in an injury excluded by the policy. *See Taylor*, 457 S.W.3d at 347 n.8 (discussing *Intermed*'s holding). *See also Bowan ex rel. Bowan v. Gen. Sec. Indem. Co. of Arizona*, 174 S.W.3d 1, 6-7 (Mo. App. 2005) (finding coverage for injuries sustained in an auto accident by a disabled passenger despite policy's auto operation exclusion because commercial

6

transportation company's negligent failure to properly secure the passenger was a distinct act that did not necessarily involve the operation of the vehicle); *Centermark Props., Inc. v. Home Indemn. Co.*, 897 S.W.2d 98, 101-03 (Mo. App. 1995) (finding coverage despite auto ownership and use exclusion in policy where the plaintiff was struck by a vehicle owned by a security company and driven by an unauthorized third party; auto ownership and use were merely incidental to the plaintiff's claim that the security company was negligent in supervising, hiring, and training its employees). *Cf. In re Estate of Murley*, 250 S.W.3d 393, 400-01 (Mo. App. 2008) (finding auto use exclusion barred coverage for injuries sustained when a shower unit fell out of a truck and injured another driver; the truck driver's negligence in failing to secure the shower unit was dependent upon the operation of the truck in transporting the unit because the unit posed no risk to anyone while the truck was stationary); *Gateway*, 275 S.W.3d at 282-83 (finding athletic participants' exclusion barred coverage for injuries sustained during a boxing match at a hotel because the claim against the hotel for negligently failing to provide medical personnel was dependent upon a finding that boxing is in an inherently dangerous activity; the failure to provide medical personnel posed no risk of injury as long as the plaintiff was not participating in the boxing match).

The distinction between an excluded cause that is merely incidental to the negligence claim and an excluded cause that is essential to the negligence claim is readily apparent in claims involving the negligent supervision of a minor, which is the claim that M.S. asserts against the Parnells. To establish a claim for negligent

supervision of a minor, a plaintiff must plead and prove: (1) the defendant had a

legal duty to use ordinary care to protect the minor against unreasonable risks of

harm; (2) the defendant breached that duty; (3) proximate cause between the

breach and the resulting injury; and (4) actual damages. *O.L. v. R.L.*, 62 S.W.3d

469, 474 (Mo. App. 2001). "[T]he gravamen of the cause is the supervisor's

obligation and ability to control the child and not the supervisor's control over the

instrumentality (whether human, mechanical or other) which causes the harm." *Id*.

Applying this principle, the court in *Neal*, 992 S.W.2d at 208-09, found that,

despite the auto use exclusion, a homeowner's insurance policy provided coverage

for a negligent supervision claim asserted against the insureds after their grandchild

was struck and killed by their vehicle. The court explained how the use of the

vehicle -- the instrumentality that caused the harm -- was merely incidental, and

not essential, to the negligent supervision claim:

> In this case, it was the grandparents' obligation and ability to
> supervise and control decedent that are the decisive factors in the
> negligent supervision claim against them. The use of the vehicle that
> caused the harm is only incidental to the claim. The claim for
> negligent supervision of a minor is unrelated to and can occur without
> the use of a vehicle. Therefore, the exclusion for use of vehicle does
> not, as a matter of law, apply to the facts in this case.

*Id*. at 209.

*Neal* is analogous to the case before us. In this case, like *Neal*, the Parnells'

obligation and ability to supervise and control M.S. are the decisive factors in the

negligent supervision claim against them. That M.S.'s harm was caused by the

alleged intentional, unwanted sexual contact by the Parnells' son is only incidental

8

to the claim. The claim for negligent supervision of a minor is unrelated to and can occur without intentional injury or sexual abuse. Indeed, the Parnells' failure to properly supervise M.S. put her at risk for any number of harms, either self-inflicted or inflicted by others. On these facts, M.S.'s claim of negligent supervision is a separate and non-excluded cause of her injuries, apart from the intentional sexual abuse. *See St. Paul Fire & Marine Ins. Co. v. Schrum*, 149 F.3d 878, 881 (8th Cir. 1998) (finding that, under Missouri law, sexual act exclusion in policy did not bar coverage for negligent supervision of a minor claim because the insureds' negligence was a non-excluded cause, separate from the sexual act). The circuit court did not err in finding that the concurrent proximate cause rule applies to afford coverage to the Parnells for M.S.'s negligent supervision claim. Thus, American Family is obligated to defend and indemnify the Parnells in M.S.'s lawsuit against them.

### CONCLUSION

We affirm the circuit court's grant of summary judgment in favor of M.S.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

9